UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: **00-6087-CR-FERGUSON**

18 U.S.C. § 371
18 U.S.C. § 513(a)

MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

v.

HOWARD SILVERA,
and
CHETWOOD JOHNSON,

Defendants.
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT I

1. From sometime on or about March 1, 2000, to, on or about, March 17, 2000, the exact dates being unknown to the Grand Jury, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**HOWARD SILVERA,
and
CHETWOOD JOHNSON,**

did knowingly and willfully, combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to make, utter and possess counterfeited and forged securities of an organization, that is, checks drawn on Pinebank, and NationsBank, with intent to deceive another person and organization, that is, Pinebank and NationsBank, organizations which



operated in and the activities of which affected interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

## GENERAL ALLEGATION

At all times material to this Indictment:

2. Pinebank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, has a branch in Dade County, in the Southern District of Florida, and was an organization which operated in, and the activities of which affected, interstate commerce.

3. NationsBank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had branches in Broward County and throughout the Southern District of Florida, and was an organization which operated in, and the activities of which affected, interstate commerce.

## OBJECT OF THE CONSPIRACY

4. It was the object of the conspiracy that the defendants would unlawfully enrich themselves by making, uttering and possessing counterfeited and forged securities, that is, counterfeited and forged cashier's checks, and then passing and attempting to pass these counterfeited and forged cashier's checks through various different merchants.

## MANNER AND MEANS

The manner and means by which the defendants sought to accomplish the object of the conspiracy included the following:

5. It was part of the of the conspiracy that a co-conspirator would manufacture counterfeited cashier's checks drawn on Pinebank and NationsBank.

6. It was further part of the conspiracy that the defendant Howard SILVERA, under an assumed name, would contact private businesses by telephone and order merchandise such as jewelry and electronic equipment.

7. It was further part of the conspiracy that defendant Howard SILVERA would send, or cause to be sent through the mail, a counterfeit cashier's check drawn on Pinebank or NationsBank, as payment for the merchandise which he had ordered.

8. It was further part of the conspiracy that the defendant Howard SILVERA, would arrange to have the merchandise delivered to the residences of defendant Howard SILVERA and Chetwood JOHNSON.

9. It was further part of the conspiracy that defendants Howard SILVERA and Chetwood JOHNSON would go to a business establishment and price equipment which they wished to purchase.

10. It was further part of the conspiracy that defendant Howard SILVERA would contact a co-conspirator to obtain a counterfeit cashier's check in order to pay for the merchandise which he had priced.

11. It was further part of the conspiracy that defendant Howard SILVERA would attempt to pass a counterfeit cashier's check in order to pay for the merchandise which he had priced.

### OVERT ACTS

In furtherance of said conspiracy and to effect the object thereof, at least one of the co-conspirators committed or caused to be committed at least one of the following overt acts, among others in the Southern District of Florida, and elsewhere,

12. On or about March 15, 2000, defendants Howard SILVERA and Chetwood JOHNSON went to Office Depot, located at 3426 North University Drive, Sunrise, Florida.

13. On or about March 15, 2000, defendant Howard SILVERA presented a cashier at Office Depot with a counterfeit NationsBank Cashier's Check No. 0648785, in the amount of $14,446.45.

14. On or about March 17, 2000, defendant Howard SILVERA, using the assumed name of "John Brockwell," signed a receipt, accepting delivery of electronic equipment.

All in violation of Title 18, United States Code, Section 371.

## COUNT II

On or about March 15, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HOWARD SILVERA,**

did knowingly utter and possess counterfeited and forged securities of an organization, that is, Cashier's Check No. 0648785 in the amount of $14,446.45, payable to Office Depot and drawn on NationsBank, with intent to deceive another person and organization, that is Office Depot and and NationsBank, organizations which operated in, and the activities of which affected, interstate and foreign commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT III

In or about March 13, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HOWARD SILVERA,**

did knowingly utter and possess counterfeited and forged securities of an organization, that is, Cashier's Check No. 0648762 in the amount of $39,710.00, payable to Alan Marcus & Company, and drawn on NationsBank with intent to deceive another person and organization, that is Alan Marcus & Company and NationsBank, organizations which operated in, and the activities of which affected, interstate and foreign commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT IV

In or about March 6, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### HOWARD SILVERA,

did knowingly utter and possess counterfeited and forged securities of an organization, that is, Cashier's Check No. 068764 in the amount of $3,936.81, payable to Tiger Direct.Com, and drawn on Pinebank, with intent to deceive another person and organization, that is Tiger Direct.Com and Pinebank, organizations which operated in, and the activities of which affected, interstate and foreign commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT V

In or about March 6, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### HOWARD SILVERA,

did knowingly utter and possess counterfeited and forged securities of an organization, that is, Cashier's Check No. 068765 in the amount of $12,259.83, payable to Musician's Friend, and drawn on Pinebank, with intent to deceive another person and organization, that is Musician's Friend and

Pinebank, organizations which operated in, and the activities of which affected, interstate and foreign commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT VI

In or about March 6, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HOWARD SILVERA,**

did knowingly utter and possess counterfeited and forged securities of an organization, that is, Cashier's Check No. 068766 in the amount of $12,259.83, payable to Musician's Friend, and drawn on Pinebank, with intent to deceive another person and organization, that is Musician's Friend and Pinebank, organizations which operated in, and the activities of which affected, interstate and foreign commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT VII

In or about March 8, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HOWARD SILVERA,**

did knowingly utter and possess counterfeited and forged securities of an organization, that is, Cashier's Check No. 068767 in the amount of $9,395.80, payable to Tiger Direct.Com, and drawn on Pinebank, with intent to deceive another person and organization, that is Tiger Direct.Com and Pinebank, organizations which operated in, and the activities of which affected, interstate and foreign commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT VIII

In or about March 8, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HOWARD SILVERA,**

did knowingly utter and possess counterfeited and forged securities of an organization, that is, Cashier's Check No. 068768 in the amount of $111,200.00 payable to RM & E and drawn on Pinebank, with intent to deceive another person and organization, that is RM & E and Pinebank, organizations which operated in, and the activities of which affected, interstate and foreign commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. _____

v.

Howard Silvera, *et al*            **CERTIFICATE OF TRIAL ATTORNEY***

**Court Division**: (Select One)

**Superseding Case Information**:
New Defendant(s)       Yes ___   No ___
Number of New Defendants    ___
Total number of counts      ___

___ Miami   ___ Key West
_X_ FTL     ___ WPB   ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) _NO_
   List language and/or dialect   _English_

4. This case will take _3-4_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I     0 to 5 days       _X_        Petty        ___
   II    6 to 10 days      ___        Minor        ___
   III   11 to 20 days     ___        Misdem.      ___
   IV    21 to 60 days     ___        Felony       _X_
   V     61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?(Yes or No) _Yes_
   If yes:
   Magistrate Case No. _00-4057-Snow_
   Related Miscellaneous numbers: _None_
   Defendant(s) in federal custody as of _0_
   Defendant(s) in state custody as of _0_
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No  If yes, was it pending in the Central Region? ___ Yes ___ No

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 88171

*Penalty Sheet(s) attached                                           REV.4/7/99

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: HOWARD SILVERA          No.: _____

Count # 1:

Conspiracy to make, utter and possess counterfeit securities;
in violation of 18 U.S.C. § 371

*Max Penalty:    5 years' imprisonment; $ 250,000 fine


Count 2 thru 8 # :

Making, uttering an possessing counterfeit securities; in violation of 18 U.S.C. § 513 (a)


*Max Penalty:    10 years' imprisonment; $ 250,000 fine


Count #:


*Max Penalty:


Count #:


*Max Penalty:


Count # :


*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: CHETWOOD JOHNSON          No.:_____

Count # 1:

Conspiracy to make, utter and possess counterfeit securities;

in violation of 18 U.S.C. § 371

*Max Penalty:    5 years' imprisonment; $ 250,000 fine


Count # :

_____

_____

*Max Penalty:_____


Count #:

_____

_____

*Max Penalty:_____


Count #:

_____

_____

*Max Penalty:_____


Count # :

_____

_____

*Max Penalty:_____

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96