UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:___00-6087-CR-FERGUSON(s)___
18 U.S.C. § 371
18 U.S.C. § 513(a)

UNITED STATES OF AMERICA,

v.

HOWARD SILVERA,
CHETWOOD JOHNSON,
and
GLOSDEN ST. AUBYN LEBERT,
    a/k/a "Glen"

    Defendants.
_____/



## SUPERCEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1

1.    From sometime on or about March 1, 2000, to, on or about, March 17, 2000, the exact

dates being unknown to the Grand Jury, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

**HOWARD SILVERA,
CHETWOOD JOHNSON,
and
GLOSDEN ST. AUBYN LEBERT,
a/k/a "Glen,"**

did knowingly and willfully, combine, conspire, confederate and agree with each other and with

others known and unknown to the Grand Jury, to make, utter and possess counterfeited and forged

securities of an organization, that is, checks drawn on Pinebank, and NationsBank, with intent to deceive another person and organization, that is, Pinebank and NationsBank, organizations which operated in and the activities of which affected interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### GENERAL ALLEGATION

At all times material to this Indictment:

2.       Pinebank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had a branch in Dade County, in the Southern District of Florida, and was an organization which operated in, and the activities of which affected, interstate commerce.

3.       NationsBank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had branches in Broward County and throughout the Southern District of Florida, and was an organization which operated in, and the activities of which affected, interstate commerce.

### OBJECT OF THE CONSPIRACY

4.       It was the object of the conspiracy that the defendants would unlawfully enrich themselves by making, uttering and possessing counterfeited and forged securities, that is, counterfeited and forged cashier's checks, and then passing and attempting to pass these counterfeited and forged cashier's checks through various different merchants.

### MANNER AND MEANS

The manner and means by which the defendants sought to accomplish the object of the conspiracy included the following:

5.       It was part of the of the conspiracy that defendant Glosden St. Aubyn LEBERT,

2

a/k/a "Glen" would manufacture counterfeited cashier's checks drawn on Pinebank and NationsBank.

6.      It was further part of the conspiracy that the defendant Howard SILVERA, under an assumed name, would contact private businesses by telephone and order merchandise such as jewelry and electronic equipment.

7.      It was further part of the conspiracy that defendants Howard SILVERA and Glosden St. Aubyn LEBERT, a/k/a "Glen" would send, or cause to be sent through the mail, a counterfeit cashier's check drawn on Pinebank or NationsBank, as payment for the merchandise which had been ordered.

8.      It was further part of the conspiracy that the defendant Howard SILVERA, would arrange to have the merchandise delivered to the residences of defendant Howard SILVERA and Chetwood JOHNSON.

9.      It was further part of the conspiracy that defendants Howard SILVERA and Chetwood JOHNSON would go to a business establishment and price equipment which they wished to purchase.

10.      It was further part of the conspiracy that defendant Howard SILVERA would contact defendant Glosden St. Aubyn LEBERT, a/k/a "Glen" to obtain a counterfeit cashier's check in order to pay for the merchandise which had been priced.

11.      It was further part of the conspiracy that defendant Howard SILVERA would attempt to pass a counterfeit cashier's check in order to pay for the merchandise.

## OVERT ACTS

In furtherance of said conspiracy and to effect the object thereof, at least one of the co-conspirators committed or caused to be committed at least one of the following overt acts, among others, in the Southern District of Florida, and elsewhere,

12.     On or about March 15, 2000, defendants Howard SILVERA and Chetwood JOHNSON went to Office Depot, located at 3426 North University Drive, Sunrise, Florida.

13.     On or about March 15, 2000, defendant Glosden St. Aubyn LEBERT, a/k/a "Glen," drove to the strip shopping plaza located at 3426 North University Drive, Sunrise, Florida, where Office Depot was located.

14.     On or about March 15, 2000, defendant Howard SILVERA presented a cashier at Office Depot with a counterfeit NationsBank Cashier's Check No. 0648785, in the amount of $14,446.45.

15.     On or about March 17, 2000, defendant Howard SILVERA, using the assumed name of "John Brockwell," signed a receipt, accepting delivery of electronic equipment.

All in violation of Title 18, United States Code, Section 371.

## COUNT II

On or about March 15, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**HOWARD SILVERA,**
**and**
**GLOSDEN ST. AUBYN LEBERT,**
**a/k/a "Glen,"**

did knowingly make, utter and possess a counterfeited and forged security of an organization, that is, Cashier's Check No. 0648785 in the amount of $14,446.45, payable to Office Depot and drawn

4

on NationsBank, with intent to deceive another person and organization, that is Office Depot and and NationsBank, organizations which operated in, and the activities of which affected, interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT III

On or about March 13, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HOWARD SILVERA,**

did knowingly utter and possess a counterfeited and forged security of an organization, that is, Cashier's Check No. 0648762 in the amount of $39,710.00, payable to Alan Marcus & Company, and drawn on NationsBank with intent to deceive another person and organization, that is Alan Marcus & Company and NationsBank, organizations which operated in, and the activities of which affected, interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT IV

On or about March 6, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**HOWARD SILVERA,**

did knowingly utter and possess a counterfeited and forged security of an organization, that is, Cashier's Check No. 068764 in the amount of $3,936.81, payable to Tiger Direct.Com, and drawn on Pinebank, with intent to deceive another person and organization, that is Tiger Direct.Com and Pinebank, organizations which operated in, and the activities of which affected, interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT V

On or about March 6, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### HOWARD SILVERA,

did knowingly utter and possess a counterfeited and forged security of an organization, that is, Cashier's Check No. 068765 in the amount of $12,259.83, payable to Musician's Friend, and drawn on Pinebank, with intent to deceive another person and organization, that is Musician's Friend and Pinebank, organizations which operated in, and the activities of which affected, interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT VI

On or about March 6, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### HOWARD SILVERA,

did knowingly utter and possess a counterfeited and forged security of an organization, that is, Cashier's Check No. 068766 in the amount of $12,259.83, payable to Musician's Friend, and drawn on Pinebank, with intent to deceive another person and organization, that is Musician's Friend and Pinebank, organizations which operated in, and the activities of which affected, interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT VII

On or about March 8, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### HOWARD SILVERA,

did knowingly utter and possess a counterfeited and forged security of an organization, that is, Cashier's Check No. 068767 in the amount of $9,395.80, payable to Tiger Direct.Com, and drawn on Pinebank, with intent to deceive another person and organization, that is Tiger Direct.Com and Pinebank, organizations which operated in, and the activities of which affected, interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT VIII

On or about March 8, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### HOWARD SILVERA,

did knowingly utter and possess a counterfeited and forged security of an organization, that is, Cashier's Check No. 068768 in the amount of $111,200.00 payable to RM & E and drawn on Pinebank, with intent to deceive another person and organization, that is RM & E and Pinebank, organizations which operated in, and the activities of which affected, interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 00-6087-CR-FERGUSON(s)

v.

Howard Silvera, *et al*

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**
New Defendant(s)        Yes __X__   No ____
Number of New Defendants        __1__
Total number of counts        __8__

**Court Division:** (Select One)

___ Miami    ____ Key West
_X_ FTL      ____ WPB ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) __NO__
   List language and/or dialect _____English_____

4. This case will take __3-4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | __X__ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) _____Yes_____
If yes:
Magistrate Case No. __00-4061-Snow__
Related Miscellaneous numbers: Search Warrant number 00-4661-Snow
Defendant(s) in federal custody        Lebert as of March 31, 2000
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No If yes, was it pending in the Central Region? ___ Yes___ No

_____
BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 88171

*Penalty Sheet(s) attached

REV.4/7/99

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name: <u>GLOSDEN STAUBYN LEBERT</u>   No.: <u>00-6087-CR-FERGUSON(s)</u>

Count # 1:

<u>Conspiracy to make, utter and possess counterfeit securities;</u>

<u>in violation of 18 U.S.C. § 371</u>

*Max Penalty:   <u>5  years' imprisonment; $ 250,000 fine</u>

Count 2 #  :

<u>Making, uttering and possessing counterfeit securities; in violation of 18 U.S.C. § 513(a)</u>

*Max Penalty:   <u>10  years' imprisonment; $ 250,000 fine</u>

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _CO-4061 Snow_

UNITED STATES OF AMERICA

v.

_Dresden Libert_

WAIVER OF TIMELY PRELIMINARY EXAMINATION

The defendant having been advised of the right to a timely preliminary hearing or examination as to the probable cause, and the defendant having refused and waived a timely preliminary examination,

The defendant now signs this Waiver of Timely Preliminary Examination.

DATED: _4-5-CO_                    X _Slubert_
                                          Defendant

MAGISTRATE'S CERTIFICATE

The U. S. Magistrate Judge certifies that the defendant, after being advised of the right to a preliminary examination within _10_ days from the defendant's initial appearance has stated he/she refused and waived such timely preliminary examination and signed the foregoing Waiver of Timely Preliminary Examination.

IT IS ORDERED that a timely preliminary examination in the above-entitled matter is refused and waived, and the defendant is bound over for proceedings in the U. S. District Court.

DATED: _4/5/00_                    _Lurana S. Snow_
                                          LURANA S. SNOW
                                          CHIEF UNITED STATES MAGISTRATE JUDGE

COURT MINUTES

CHIEF U. S. MAGISTRATE JUDGE **LURANA S. SNOW** - FT. LAUDERDALE, FLORIDA


DEFT: GLOSDEN S. LEBERT (J)          CASE NO:    00-4061-SNOW

AUSA: BERTHA MITRANI  /pres          ATTY:   SANDRA MULLGRAV  pria

AGENT:                               VIOL:

PROCEEDING BOND HEARING              RECOMMENDED BOND

BOND HEARING HELD  yes/no            COUNSEL APPOINTED

    BOND SET @   25,000   CSB

    SPECIAL CONDITIONS:

1) To be cosigned by:

2) Rpt to PTS      x's a wk/month by phone;      x's a wk/month in person

3) Travel extended to:


_Bond reduction will be considered_


NEXT COURT APPEARANCE:  INQUIRY RE COUNSEL:

        PTD/BOND HRG:        re-set from 4-10

        PRELIM/ARRAIGN:    to 4-12  //  355

        REMOVAL HRG:

        STATUS CONF:

Date: 4/5/00    Time 11:00    FTL/LSS
                              TAPE #00-  020  Begin: 969  End: 1424

**CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL**

FLS-00-1384

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| FLS | Lehert, Glosden | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 0:00-004061:001 | | | |

| 7. IN CASE/MATTER OF   (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| United States v. Lehert | Felony | Adult Defendant | Criminal Case |

**11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)**   If more than one offense, list (up to five) major offenses charged, according to severity of offense.

1) 18 513.A.F -- UTTER FORGED AND COUNTERFEIT SECURITY

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) **AND MAILING ADDRESS**

Muligrav, Sandra E.
2699 Stirling Rd
Suite B-301
Ft Lauderdale FL 33312

Telephone Number:   (954) 962-3330

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)

**13. COURT ORDER**

- [X] O  Appointing Counsel
- [ ] F  Subs For Federal Defender
- [ ] P  Subs For Panel Attorney
- [ ] C  Co-Counsel
- [ ] R  Subs For Retained Attorney
- [ ] Y  Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

- [ ] Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
- [ ] Other (See Instructions)

*Susana S. Snow*
Signature of Presiding Judicial Officer or By Order of the Court

| 4/3/00 | 3/31/00 |
|---|---|
| Date of Order | Nunc Pro Tunc Date |

Repayment or partial repayment ordered from the person represented for this service at time of appointment.  [ ] YES   [ ] NO

FILED by ___ D.C.
APR 3 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

| | **CLAIM FOR SERVICES AND EXPENSES** | | | **FOR COURT USE ONLY** | | |
|---|---|---|---|---|---|---|
| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
| 15. | a. Arraignment and/or Plea | | | | | |
| In Court | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ )   TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| Out of Court | b. Obtaining and reviewing records | | | | | |
| | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and Other work (Specify on additional sheets) | | | | | |
| | (Rate per hour = $ )   TOTALS: | | | | | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | | | | |
| | GRAND TOTALS (CLAIMED AND ADJUSTED): | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE | 20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|
| FROM ___ TO ___ | | |

**22. CLAIM STATUS**   [ ] Final Payment   [ ] Interim Payment Number ___   [ ] Supplemental Payment
Have you previously applied to the court for compensation and/or interim payment for this case?  [ ] YES   [ ] NO   If yes, were you paid?  [ ] YES   [ ] NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation?  [ ] YES   [ ] NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____   Date: _____

| | **APPROVED FOR PAYMENT -- COURT USE ONLY** | | | | |
|---|---|---|---|---|---|
| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | | 27. TOTAL AMT. APPR / CERT |
| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE | | 28a. JUDGE / MAG. JUDGE CODE |
| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | | 33. TOTAL AMT. APPROVED |
| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE)  Payment approved in excess of the statutory threshold amount. | | | DATE | | 34a. JUDGE CODE |

COURT MINUTES

CHIEF U. S. MAGISTRATE JUDGE **LURANA S. SNOW** – FT. LAUDERDALE, FLORIDA


DEFT: GLOSDEN S. LEBERT (J)          CASE NO:   00-4061-SNOW

AUSA: BERTHA MITRANI  *pres*          ATTY:   SANDRA MULLGRAV  *pres*

AGENT:_____          VIOL:_____

PROCEEDING BOND HEARING          RECOMMENDED BOND_____

BOND HEARING HELD – yes/no          COUNSEL APPOINTED_____

___BOND SET @ _____

___SPECIAL CONDITIONS: _____

1) To be cosigned by: _____

2) Rpt to PTS____x's a wk/month by phone;____x's a wk/month in person

3) Travel extended to: _____

_____

_____

_____

*Counsel requested continuance*

_____

_____

_____

_____

NEXT COURT APPEARANCE:   INQUIRY RE COUNSEL:_____

PTD/BOND HRG:         4-5    11   Snow

PRELIM/ARRAIGN:    4/10        11   SELTZER

REMOVAL HRG: _____

STATUS CONF: _____

Date: 4/3/00    Time 11:00    FTL/LSS
TAPE #00- 019   Begin: 148   End: 199

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MDM 5800.08B
Attachment B

UNITED STATES OF AMERICA )  CASE NUMBER: CR 00-406[illegible]
           Plaintiff )
                )
      -vs-           )   REPORT COMMENCING CRIMINAL
                )           ACTION
_____ CERT )
         Defendant

(Filed stamp: FILED by ___ D.C. / APR 3 2000 / CLARENCE MADDOX / CLERK U.S. DIST. CT. / S.D. OF FLA. FT. LAUD.)

55253-004

************************************************************

TO: CLERK'S OFFICE    MIAMI      FT. LAUDERDALE     W. PALM BEACH
    U.S. DISTRICT COURT          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
      COURT ABOVE.

************************************************************

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: _____ a.m./p.m.

(2)   LANGUAGE(S) SPOKEN: _____

(3)   OFFENSE(S) CHARGED: _____

_____

(4)   UNITED STATES CITIZEN:   ( ✓ )YES   ( )NO   ( )UNKNOWN

(5)   DATE OF BIRTH: _____

(6)   TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
    [ ] INDICTMENT    [ ] COMPLAINT   CASE # _____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT
    ORIGINATING DISTRICT: _____ FLA
    COPY OF WARRANT LEFT WITH BOOKING OFFICER?   [ ]YES   [ ]NO

AMOUNT OF BOND:$_____WHO SET BOND? _____

(7)   REMARKS: _____

(8)   DATE: _____   (9) ARRESTING OFFICER _____

(10)  AGENCY _F B I_   (11) PHONE # _____

(12)  COMMENTS _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-4061-SNOW

UNITED STATES OF AMERICA

      Plaintiff,

v.

GLOSDEN STAUBYN LEBERT
      Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language   English
Tape No.   00- *018*
AUSA     Bertha Mitrani
Agent

*FILED by ___ D.C.*
*MAR 31 2000*
*CLARENCE MADDOX*
*CLERK U.S. DIST. CT.*
*S.D. OF FLA. LAUD.*

      The above-named defendant having been arrested on March 31, 2000, having appeared before the court for initial appearance on March 31, 2000 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon

      **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone:_____
2. _____*Sandra Mulgrav*_____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at _____
on _____.
4. Arraignment/Preliminary/Removal/Identity hearing is set for ___*4-10*___ at *11* before Judge *Seltzer*
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because ___
_____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _____ at _____ before Judge _____.
6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: *Held hrg 4-3 @ 11 Judg Snow*
   This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:_____times a week /month by phone, _____time a week/month
     in person;  other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances
     prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.



__j. Comply with the following additional special conditions of this bond:_____

_____

This bond was set: At Arrest _____✓_____

On Warrant _____

After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Ft. Lauderdale, Florida this 31st day of March, 2000.

**CHIEF U. S. MAGISTRATE JUDGE**
**LURANA S. SNOW**

cc: Assistant U.S. Attorney
Defendant
Counsel
Copy for Judge
Pretrial Services/Probation

COURT MINUTES

CHIEF U. S. MAGISTRATE JUDGE **LURANA S. SNOW** - FT. LAUDERDALE, FLORIDA

DEFT: GLOSDEN STAUBYN LEBERT (J)    CASE NO: 00-4061-SNOW

AUSA: DUTY / Mitrani    ATTY: 

AGENT: _____    VIOL: 18:513(a) CONSP./ COUNTERFEIT

PROCEEDING I/A ON COMPLAINT    RECOMMENDED BOND 100,000 CSB

BOND HEARING HELD - yes/no    COUNSEL APPOINTED Sandra Mullgrav

BOND SET @    CJA Counsel

SPECIAL CONDITIONS:

1) To be cosigned by:

2) Rpt to PTS    x's a wk/month by phone;    x's a wk/month in person

3) Travel extended to:

FILED by ___ B.C.
MAR 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Ordered of Charges - sworn for counsel

CJA Counsel to be appointed

NEXT COURT APPEARANCE:    INQUIRY RE COUNSEL:

PTD/BOND HRG:    4-3    11    SNOW

PRELIM/ARRAIGN:    4-10    11    BSS

REMOVAL HRG:

STATUS CONF:

Date: 3-31-00    Time 9:30    FTL/LSS
TAPE #00- 018    Begin: 2007    End: 2290

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

GLOSDEN STAUBYN LEBERT,
a/k/a "Glen"

**CRIMINAL COMPLAINT**

CASE NUMBER: CC-4061-STOCO

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my

knowledge and belief. From on or about <u>March 6through March 17, 2000</u> in <u>Broward</u> _____ county, in the

_<u>Southern</u>_ District of ____<u>Florida</u>____ and elsewhere, the defendant, with the intent to deceive conspired to, and
actually  made, uttered and possessed counterfeit securities of an organization

in violation of Title ___18___ United States Code, Section(s) __371 and 513(a)_____

I further state that I am a(n) _____<u>Special Agent</u>_____ and that this complaint is based on the following
<span style="font-size:small">Official Title</span>

facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [x] Yes    [ ] No

Kent T. Hukill
Special Agent, Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence,

<u>March 31, 2000</u>                        at   <u>Fort Lauderdale, Florida</u>
Date                                                    City and State

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                    Signature of Judicial Officer



## AFFIDAVIT IN SUPPORT OF COMPLAINT AND SEARCH WARRANT

1.    I, Kent T. Hukill, being duly sworn, depose and state that I am presently employed as a Special Agent with the Federal Bureau of Investigation, and have been so employed since September, 1997.

2.    I am presently assigned to the financial institution fraud squad.  My responsibilities include investigation of all financial institution fraud, including counterfeit securities, bank embezzlement, mortgage fraud. I am a law enforcement officer of the United States, in that I am empowered by law to conduct investigations and to make arrests for felony offenses, under authority of Title 18, United States Code, Section 3056.

3.    I have participated in the investigation of the offenses described herein.  The following information is known to me personally, or was reported to me by agents of the Federal Bureau of Investigation.  This information was also obtained from conversations with other law enforcement personnel, local businesses, an officer of a financial institution, and others.

4.    On or about March 15, 2000, at about 5:38 p.m., Howard SILVERA and Chetwood JOHNSON went to Office Depot located at 3426 North University Drive, Sunrise, Florida, and priced computers.  The clerk at Office Depot itemized their request and gave them a price of $14,446.45.

5.    On that same day, March 15, 2000, SILVERA and JOHNSON returned to the Office Depot at about 7:20 p.m.  SILVERA handed the Office Depot clerk a Cashier's Check drawn on NationsBank, in the amount of $14,446.45.  Along with the check, SILVERA handed the clerk a Florida Identification card which identified him as "Chetwood Johnson."  This identification card was bogus.

1

6.    The NationsBank Cashier's Check was counterfeit.   The clerk at Office Depot was able to recognize the check as counterfeit because the word "authorized" in the "Authorized Signature" line was misspelled as "Authorutized."   Likewise, the word "forty" was misspelled as "forthy." SILVERA and JOHNSON were arrested by the Sunrise Police for uttering a forged bill.

7.    With respect to this transaction at Office Depot, JOHNSON advised that he knew that the check was counterfeit. JOHNSON advised that at about 5:30 p.m., SILVERA and he had gone to Office Depot, where SILVERA priced computers.   They left the store and SILVERA telephonically contacted an individual and advised that individual of the price of the computers. JOHNSON further advised that shortly after 8 p.m., an individual known to him as "Glen" arrived at the Office Depot parking lot in a yellow Honda Prelude.  SILVERA approached the car.  Thereafter, JOHNSON saw that SILVERA had a NationsBank check in the amount of approximately $14,000.

8.    On March 17, 2000, JOHNSON and SILVERA were arrested in connection with another counterfeit check scheme.  The Honorable Barry S. Seltzer signed a Complaint on March 18, 2000, Case No. 00-4057-SNOW.  A summary of the circumstances surrounding this arrest, as they pertain to GLOSDEN STAUBYN LEBERT, a/k/a "Glen" are as follows:

A.    On or about March 8, 2000, an individual who identified himself as "Mark Russell" contacted Tiger Direct.Com ("Tiger") and ordered CD Duplicators.  The callback number for that purchase was 954/823-7953, which is a pager number. Subsequently, Tiger received a Cashier's Check drawn on Pinebank, Check Number 068767, in the amount of $9,395.80,  in an envelope from "Mark Russell."  That check was counterfeit.  The address given for delivery was 1740

2

N.W. 60th Avenue, Suite 1, Sunrise, Florida.

B.    On or March 8, 2000, an individual who identified himself as "Jim Mason"

contacted RM & E and ordered recording equipment. The callback number for

that purchase was 954/823-7953, which is a pager number, which is the same

pager number as the Tiger order described above. Subsequently, RM & E

received a Cashier's Check drawn on Pinebank, Check Number 068768, in the

amount of $111,200.00 in an envelope from "Jim Mason." That check was

counterfeit. It was also the next sequential check after the Tiger check, described

above. The address given for delivery was 5982 NW 21st Street, Lauderhill,

Florida.

C.    On March 16, 2000, at about 3 p.m., an individual identifying himself as "Mark

Russell" telephonically contacted Tiger about his delivery. The Caller I.D.

identified the originating phone number as 954/733-8167.

D.    On about March 17, 2000, at about 9:30 a.m, an individual identifying himself as

"Jim Mason" telephonically contacted RM & E about the delivery. The Caller I.D.

identified the originating phone number as 954/733-8167, the same as

subparagraph C above.

E    Telephone number 954/733-8167 was traced to a public telephone whose address

is 2253 NW 59th Terrace, Lauderhill, Florida, which is down the block from

SILVERA's residence.

F.    On or about March 17, 2000, the FBI attempted a controlled delivery of the Tiger

Order to "Mark Russell" at 1740 N.W. 60th Avenue, Suite 1. JOHNSON was

3

standing in front of Suite Number 1, of that building. When he observed the delivery truck, he walked down the block. I knocked on Suite Number 1, but there was no response. JOHNSON returned. He was asked whether he was "Mark Russell," and he said that he was not "Mark Russell." He was asked whether he lived in Suite 1, he said that he did, but that he did not a know a "Mark Russell" nor did a "Mark Russell" live there. He entered the apartment. One minute later, he departed northbound in his car.

G.   Simultaneously with the controlled Tiger delivery described immediately above, the FBI attempted a controlled delivery to of the RM & E order to "Jim Mason" at 5982 NW 21st Street, Lauderhill, Florida. When agents arrived at the address, they observed a black male waiving the delivery truck towards him. He was standing in front of the garage that belonged to 5964 NW 21st Street, Lauderhill, Florida, 33313. He identified himself as "Jim Mason's" assistant, "John Brockwell", and advised that he was authorized to accept delivery. Special Agent Langdon, indicated that he needed to speak to "Mason." "Brockwell" stated that "Mason" was not available. Special Agent Langdon asked him for identification; Brockwell said that he did not have any. "Brockwell" signed a receipt, accepting delivery. During this exchange between Special Agent Langdon and "Brockwell", JOHNSON arrived at this location.

H.   The agents identified themselves to both "Brockwell" and JOHNSON. When asked to produce identification, "Brockwell" produced a wallet which contained a driver's license which identified him as HOWARD SILVERA. The picture in the

4

Driver's License matched his appearance and his address was 5964 NW 21st, the same address where he accepted delivery of the items.

10.    JOHNSON indicated that Glen "made" the checks. JOHNSON advised that SILVERA, Glen and he had met on three previous occasions. The first meeting occurred just outside of SILVERA's house. During this meeting, SILVERA told Glen that an order got "screwed up." "Glen" asked what happened and SILVERA advised that the check "came back." Glen asked whether SILVERA wanted to do it again. SILVERA stated to not worry about it. The second meeting occurred outside of SILVERA's residence. SILVERA told Glen that the Tiger Direct order was on back order and that "the guy is going to call on the voice pager when it was ready to be shipped." Glen then asked about the "other order." SILVERA responded that he did not know "what was up" with that order and that he was going to call to find out. He asked Glen about the checks he used to place the orders. Glen responded that he used Pinebank. SILVERA told him not to use Pinebank anymore, to use NationsBank. Glen responded "yeah man, yeah man." JOHNSON further advised that the next time he saw Glen was at Office Depot where the NationsBank check appeared, as described above.

11.    SILVERA's address book was seized, and inside of it was written "Glen" with a pager number 954/823-7953. This is the same pager number given on the Tiger and RM & E orders described above.

12.    The subscriber to pager number 954/823-7953 was identified as "Michael Smith" with no address or contact number. On March 18, 2000, the day after the arrest , "Mr. Smith" canceled this pager number and received a new pager number, number 954/685-1467.

13    SILVERA Nextel cellular telephone was seized. Analysis of toll records reflected a pattern

where Glen's pager number was called followed by telephone number 954/917-5443.

14    On March 20, 2000, the first business day following SILVERA's arrest, telephone number 954/917-5443 was changed to telephone number 954/979-2822.  Both of those numbers listed "Deron Lee" as the subscriber, and an address of 1275 SW 46 Avenue, Apt. 1202, Pompano Beach, Florida.

15.    On March 29, 2000, I spoke with the property manager at 1275 SW 46 Avenue who advised that a 5" 10' black male, and whose name was "GLOSDEN STAUBYN LEBERT" lived in apartment 1202, and had lived there for approximately one year.  The property manager further advised that the individual drove a yellow Honda Prelude.

16.    On March 29 and 30, 2000, I observed a yellow Honda Prelude parked in front of 1275 SW 46 Avenue.

17.    An NCIC record for GLOSDEN STAUBYN LEBERT reveals an a/k/a of "Glen Lebert." LEBERT was arrested on June 6, 1996, and charged with grand larceny and passing forged instruments.  He pleaded guilty to the grand larceny charge.

18.    I obtained LEBERT's Drivers License photograph, placed it in a photographic lineup and JOHNSON positively identified him as the Glen he knew of.

19.    I went to 1275 SW 46 Avenue, Apartment 1202 and the person who appeared to me to match the description of  Glen answered the door.  I asked him if he was Glen and he said "yes." I placed him under arrest.

20.    I then conducted a protective sweep of the apartment.

21.    I discovered a computer system which included a large color printer, which was approximately two feet by one and a half feet by one and a half feet.  There was also a scanner

6

and a second laser printer next to the large printer.  LEBERT stated that the printer was worth

about $2,000.  The printer appeared to be the most expensive item in the apartment.  On the

bedroom dresser were several United States Postal address forms.

22.    I then called pager number (954) 685-1467, the pager number that replaced Glen's pager

number (see paragraph 12).  A pager in the open bedroom closet could be heard vibrating.

23.    LEBERT indicated that he lived alone in the apartment and that he was employed as a car

salesman.

24    Based on my training and experience, I believe that the color printer of the size and value

described in paragraph 19, combined with the computer system and scanner, is used in the

manufacture of counterfeit checks.  Most people do not have two printers.  Moreover, unless

there is some business or commercial reason, most people do not possess $2,000 printers.  As a

car salesman, there is no obvious reason why he would require such an expensive printer.

Moreover, as set forth above, there is probable cause to believe that LEBERT manufactured the

counterfeit NationsBank check used at Office Depot, as well as the counterfeit Pinebank checks

sent to Tiger and RM & E.

### PROPERTY TO BE SEIZED

25.    Based on my training and experience investigating cases which involve counterfeiting

operations, I have found that locations where counterfeiting operations occur, commonly contain

computers and computer related items such as printers, modems, disks, blank check stock, and

genuine security items such as checks and earning statements from which the counterfeit security

is copied.  There also tends to be false or fraudulent identification cards used to cash the security,

together with bank accounts, ledgers, and other accounting and financial documents used to keep

7

track of the money fraudulently obtained.  There is also probable cause to believe that pagers, cellular telephones, mail packaging material, mail order paperwork, and address books were used by LEBERT and SILVERA in their counterfeit check operation.  The items to be sized are listed more particularly in Attachment B to this Application, which is incorporated herein by reference.

## CONCLUSION

26.    Based on my experience as a Special Agent for the Federal Bureau of Investigation, and upon the above-stated facts, there is probable cause to believe that violations of Title 18, United States Code, Sections 371 and 513(a) have been committed by GLOSDEN STAUBYN LEBERT, HOWARD SILVERA, CHETWOOD JOHNSON and others and that evidence, fruits and instrumentalities relating to these violations in the form of computer and computer-related equipment, documents, blank check stock and other items described herein and described in Attachment B are located at GLOSDEN STAUBYN LEBERT's apartment, at 1275 SW 46th Avenue, Apartment 1202, Pompano Beach, Florida.

27.    This affidavit contains facts known to your Affiant but is does not contain each and every fact and detail known to your Affiant.

### FURTHER AFFIANT SAYETH NOT.

KENT T. HUKILL
FEDERAL BUREAU OF INVESTIGATION

Subscribed and sworn to
Before me this **3/5ᵗ** day
of March , 2000.

LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE