UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CR-FERGUSON (s)

UNITED STATES OF AMERICA,

v.

HOWARD SILVERA,

   Defendant.



## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  A copy of one audio tape which contains a recording of a conversation between the defendant and an agent of the Federal Bureau of Investigation, acting in an undercover capacity, has been provided to defense counsel together with this discovery response. A transcript of that conversation will be produced to defense counsel within the next two weeks.

2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent has been provided to defense counsel together with this discovery response. In addition, the March 18, 2000, Complaint against the defendant contains oral statements made by the defendant.

3.  The defendant did not testify before the Grand Jury.

4.  The NCIC record of the defendant has been provided to defense counsel together with this discovery response.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a



mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for May 1, 2000 at 10 a.m.. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

Copies of books, papers, documents, and photographs which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have been provided to defense counsel together with this discovery response. The attachments to this discovery response, however, are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial.

6. A report analyzing and comparing the handwriting samples provided by the defendant following his arrest in this case with handwriting on the counterfeit checks, their packaging, and other items will be provided to defense counsel upon receipt by the undersigned. At this point in time, the undersigned is not aware of any findings pertaining to the handwriting analysis.

The United States has requested that the FBI's forensic laboratory attempt to retrieve latent fingerprints from the counterfeit checks charged in the Superceding Indictment, their packaging, and other documents, and if successful, to compare the retrieved prints with those of the defendant. A report pertaining to this fingerprint analysis will be provided to defense counsel upon receipt by the undersigned. Preliminarily, the undersigned has been advised that the FBI was unable to retrieve any latent fingerprints of value from the counterfeit checks. However, a latent fingerprint was retrieved from a document and has been identified as that of the defendant.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point, the United States is unaware of any information favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     The defendant was identified in a six-person photo spread. A copy of the photo spread has been provided to defense counsel together with this discovery response.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     No contraband is involved in this indictment.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     A latent fingerprint found on a document listing equipment which the defendant attempted to purchase with a counterfeit check has been identified as that of the defendant. <u>See</u> response to A. 6.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

3

  O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

  P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

  Time: various, see indictment
  Date: various, see indictment
  Place: various, see indictment.

The attachments to this response are numbered pages 1 - 200. Please contact the undersigned Assistant United States Attorney if any pages are missing.

    Respectfully submitted,

    THOMAS E. SCOTT
    UNITED STATES ATTORNEY

  By: _____
    Bertha R. Mitrani
    Assistant United States Attorney
    Florida Bar No. 88171
    500 East Broward Boulevard
    Fort Lauderdale, Florida 33394
    Tel: 954/ 356-7255
    Fax: 954/356-7336

cc: Special Agent Hukill
   FBI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand delivered in Magistrate Court to Sharon Cohen, attorney for Howard Silvera.

                                      Bertha R. Mitrani
                                      Assistant United States Attorney