UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CR-Ferguson

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

HOWARD SILVERA,

    *Defendant.*

_____/

### OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT AND ACCOMPANYING MEMORANDUM OF LAW

COMES NOW, the defendant, **HOWARD SILVERA**, by and through his undersigned counsel and pursuant to the provisions of Rule 32, Federal Rule of Criminal Procedure, Administrative Order 90-26, United States Sentencing Guideline §§6A1.2-3, and hereby files the following objections to the factual and legal conclusions contained in the Pre Sentence Investigation Report set forth herein.

**(As to paragraph 29)**

The calculations in the pre sentence report begin with a base offense level of six (6) for conspiracy to make, utter and possess counterfeit and forged securities of an organization (§2X1.1 expressly covered by §2F1.1). From that base level, the probation officer increased **MR. Silvera** eight (8) levels for Specific Offense Characteristics, inasmuch as the loss was more than $200,000.00 but not more than $350,000.00 (§2F.1(b)(1)(I).

The Probation Officer failed to consider that the United States and counsel for the defendant entered into a specific agreement whereby the total monetary loss would be more than $120,000 but less than $200,000 (§2F1.1(b)(1)(H), bringing the Specific Offense Characteristics to a level of seven (7).

MR. SILVERA respectfully requests a downward adjustment of Specific Offense Characteristics from level eight (8) to level seven (7).

**(As to Paragraph 36).**

The Probation Officer failed to reduce MR. SILVERA'S total offense level to reflect a three (3) point adjustment for acceptance of responsibility because, according to the probation officer "the defendant failed to submit an acceptance of responsibility statement to the probation officer and used marijuana while on bond, he does not qualify for a reduction for acceptance of responsibility."

On July 7, 2000, early on in the proceedings, the defendant entered a change of plea. On August 3, 2000, MR. SILVERA submitted a comprehensive statement to this Honorable Court apologizing for the crime that he committed and the pain that his actions had on his family. This letter reflected the defendant's remorse for his conduct and stated that he wished he could take back what he had done.

Under §3E1.1, Acceptance of Responsibility, one qualifies for a three (3) point reduction for Acceptance of Responsibility "if the defendant clearly demonstrates acceptance of responsibility for his offense," and by "timely notifying the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial...." MR. SILVERA qualified on both counts. He accepted responsibility for his offense, and did not put the government to its burden of proof at trial.

The Probation Officer also stated that the defendant should not be afforded Acceptance of Responsibility because he tested positive for marijuana on July 13, 2000. It is true that Mr. Silvera did test positive for marijuana on one occasion, and when first confronted with the issue was not readily forthcoming about his use. However, Mr. Silvera did admit that he did have a marijuana problem. Although not ordered by the Court to enter into any rehabilitation or counseling for his marijuana use, the defendant

has taken it upon himself to enter into a program to get help, to wit: Spaulding's Intake and Referral Agency, Inc.

U.S.S.G §3E1.1, *Application Note* 1, states in pertinent part:

1. In determining whether a defendant qualifies under subsection (a), [Acceptance of Responsibility] appropriate considerations include:

...(g) post-offense rehabilitative efforts (e.g., counseling or drug treatment)...

HOWARD SILVERA is making those rehabilitative efforts as contemplated by the United States Sentencing Guidelines. Accordingly, the defendant most respectfully requests that this Honorable Court reduce his total offense level by three (3) points for Acceptance of Responsibility.

Respectfully Submitted,

SHARON J. COHEN, P.A.
1503 N.W. 14th Street
Miami, Florida 33125
Tele: (305) 549-2042
Fax: (305) 549-2043

SHARON J. COHEN
Florida Bar No: 0090859

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 25th day of August, 2000, to:

Bertha Mitrani
Assistant United States Attorney
500 East Broward Boulevard
Fort Lauderdale, Florida 33394-3002

Tracy L. Webb
United States Probation Officer
299 E. Broward Boulevard
Fort Lauderdale, Florida 33301-1168
Miami, Florida 33132

SHARON J. COHEN