UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6087-CR-Ferguson



UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

HOWARD SILVERA,

    *Defendant.*
_____/

### MOTION FOR DOWNWARD DEPARTURE BASED UPON FACTORS NOT CONTEMPLATED BY THE PRESENTENCE REPORT AND MEMORANDUM OF LAW

COMES NOW, the defendant, **HOWARD SILVERA**, by and through his undersigned counsel and pursuant to United States Sentencing Guideline §5K2.0, respectfully requests this Honorable Court grant **MR. Silvera** a downward depature based upon factors not taken into account by the sentencing guidelines, and as grounds in support of this application we aver:

    1.    On July 7, 2000, the defendant pled guilty to Count One of a superseding indictment charging him with conspiracy to make, utter and possess counterfeit and forged securities of an organization, in violation of 18 U.S.C. §371.

    2.    Howard Silvera and Chetwood Johnson, friends for several years, discussed opening a recording studio, but did not have the funds to capitalize said studio. Unfortunately, that same month Silvera came into contact with co-defendant Lebert who suggested the counterfeiting scheme.



3. Silvera was twenty-one (21) years old when he committed the crime in question. Prior thereto, he had never been in trouble in any jurisdiction in the world. Mr. Silvera's actions, as well as the reason that he agreed to participate in this scheme, i.e. to open a recording studio, evince the conduct of an immature young adult.

4. Mr. Silvera has had a sterling record prior to the instant offense.

5. Mr. Silvera has grown up under the care of a very loving mother. He has strong and supportive family relations; and he is strong and supportive to his family members in return.

6. In addition to providing for his own immediate family, Mr. Silvera also financially and emotionally assists additional family members, less fortunate than he.

7. He has been helping his aunt, Sharon Linton Chin, who is legally blind in one eye, and raising two children alone. Howard Silvera has assisted her in the past three years with her rent and other bills. He is helping her financially pursue her career as a licensed real estate broker and nursing assistant so that she may better her life.

8. Moreover, Mr. Silvera also helps family members in Jamaica. Cousin Lorna Silvera, a mother of five children, relies and depends on the funds that the defendant sends on a monthly basis. If not for Mr. Silvera's monthly monetary contribution to the family, her children would lack food that her meager paycheck could not cover.

9.  Finally, for the past four (4) years, Howard Silvera has been a volunteer assistant soccer coach for the Lauderdale Lakes Blazers. Mr. Silvera devotes his time each week to coach children under the age of fourteen (14). According to head coach Treavor Craig, the children have become very attached Mr. Silvera and perceive him as a role model.

10. Additional testimony will be presented at the hearing in this cause.

### MEMORANDUM OF LAW

**B.    THE DEFENDANT IS ENTITLED TO A REDUCTION FOR FACTORS NOT TAKEN INTO ACCOUNT BY THE SENTENCING GUIDELINES**

This Court may consider an additional downward departure under §5K2.0, which reads in pertinent part:

> …the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds, that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating guidelines that should result in a sentence different from that described.

U.S.S.G. §5K2.0 *Policy Statement*.

This Court has the power to take into account facts that have not been given adequate consideration by the guidelines, and may also grant a departure even though the reason for departure is taken into consideration, if in the court's discretion, it determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate. *Id*. Among the factors the Court may weigh to determine if a downward departure is warranted, *inter alia*, is the defendant's aberrant behavior, abuses of childhood and/or an "adverse life," and

3

extraordinary restitution. *United States v. Brown*, 985 F.2d 478 (9th Cir. 1993); *United States v. Miller*, 991 F.2d 552 (9th Cir, 1993).

The First Circuit held that determining whether an offense constituted a "single act of aberrant behavior" required a "totality of the circumstances" analysis. The court held that the sentencing court may consider factors such as pecuniary gain to the defendant, charitable activities, prior good deeds, and efforts to mitigate the effects of the crime in deciding whether a defendant's conduct is aberrant. Spontaneity and thoughtlessness may also be among the factors considered, though they are not prerequisites for departure. *United States v. Grandmaison*, 77 F.3d 555 (1st Cir. 1996). The Court reasoned that:

> ...aberrant behavior departures are available to first offenders whose course of criminal conduct involves more than one criminal act is implicit in our holding...We think the Commission intended the word "single" to refer to the crime committed and not to the various acts involved. As a result, we read the Guidelines reference to 'single acts of aberrant behavior' to include multiple acts leading up to the commission of a crime. Any other reading would produce an absurd result. District Courts would be reduced to counting the number of acts involved in the commission of a crime to determine whether departure is warranted.

*United States v. Grandmaison*, 77 F.3d at 563.

In spite of **MR. SILVERA'S** recent crime reflecting a serious error in judgment, Mr. Silvera will become an accomplished and upstanding member of this community and make a difference to society. The factors set forth herein are difficult to quantify, they are factors that have not heretofore been taken into account by the guidelines, they are unique to this defendant, and we urge the court to give them strong consideration in awarding the defendant an additional downward departure.

WHEREFORE, based upon the foregoing, the defendant, **HOWARD SILVERA**, respectfully requests that this Honorable Court grant the defendant a downward depature based upon those factors enumerated above, factors not contemplated by the Presentence Report.

Respectfully Submitted,

SHARON J. COHEN, P.A.
1503 N.W. 14th Street
Miami, Florida 33125
Tele: (305) 549-2042
Fax: (305) 549-2043

_____
SHARON J. COHEN
Florida Bar No: 0090859

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this __1st__ day of September, 2000, to:

Bertha Mitrani
Assistant United States Attorney
500 East Broward Boulevard
Fort Lauderdale, Florida 33394-3002

Tracy L. Webb
United States Probation Officer
299 E. Broward Boulevard
Fort Lauderdale, Florida 33301-1168
Miami, Florida 33132

_____
SHARON J. COHEN